IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Chad Wilson & Holly Wilson, | : | |
| Plaintiff | : | Civil Action 2:13-cv-01231 |
| v. | : | Judge Watson |
| Erica Lynn Brachfeld & Brachfeld Law Group, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |

# REPORT AND RECOMMENDATION

This is an action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. This matter is before the Magistrate Judge on plaintiff's April 2, 2014 motion for default judgment (doc. 10) for a hearing and report and recommendation. A hearing was held before the Magistrate Judge on July 10, 2014.

Defendants Brachfeld Law Group and Erica Lynn Brachfeld were served with summons and complaint on December 18, 2013 and December 20, 2013 respectively. (docs. 4 &5).

Default Judgment. If a defendant who is served with summons and complaint or who waives service fails to timely answer or otherwise respond to the complaint, plaintiff may request and the Clerk of Court will normally enter default. Rule 55(a),

1

Fed. R. Civ. P. The Clerk may enter judgment only "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain . . . ." Id.

When a defendant is in default, plaintiff's well-pled factual allegations relating to liability are normally accepted as true. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *Fair Housing of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002); *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich 1983). On the other hand, allegations as to damages are not accepted as true. *See Antoine,* 66 F.3d at 110; *Kelley*, 567 F. Supp. at 841; *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). "Ordinarily, the District Court must hold 'an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages].'" *Antoine,* 66 F.3d at 110 (quoting *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158).

Rule 55(b)(2) provides that a court may hold a hearing on a motion for default judgment when "it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter . . . ." When a motion for default judgment is filed and the affidavits supporting the motion are insufficient for the Court to determine damages, the District Judge usually refers the motion to the Magistrate Judge for a hearing at which plaintiff has the burden of proving damages by a preponderance of

the evidence.  The Court may also require a *prima facie* showing of liability.  *See, Moore v. United Kingdom,* 384 F.3d 1079, 1090 (9th Cir. 2004); *Ramos-Falcon v. Autoridad de Energia Electirica,* 301 F.3d 1, 2 (1st Cir. 2002); *Quirindongo Pacheco v. Rolon Morales,* 953 F.2d 15, 16 (1st Cir. 2002); *TeleVideo System, Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir. 1987); *Doe v. Qi,* 249 F.Supp.2d 1258, 1272 (C.D. Calif. 2004); *In re DIRECTV, Inc.*, 2004 WL 2645971 (N.D.Cal. July 26, 2004).

At the hearing, Chad Wilson testified that his affidavit was true and accurate. He received harassing calls on his cell phone, and his work and home phone numbers. He received multiple calls from defendants beginning in November 2012. He received telephone calls every other day. He had approximately 25 conversations with defendants. He asked defendants to verify the debt and to quit calling. Every time he spoke with defendants, he asked them to stop calling. He told them that the debt was settled and that he had confirmation that the debt was settled. Mr. Wilson testified that he was embarrassed and humiliated. He had evidence of six calls to his cell phone, although he received many more calls from defendants. The evidence consisted of screen shots taken with his iPhone and his "recent calls" log. He was also provided a call log from his service provider, AT&T. He told defendants he was represented by an attorney, but he still received calls.

Holly Wilson testified that the call started in November 2012. She answered one call per week, but she received several calls per week. When defendants told her that they were trying to collect a debt on behalf of Bank of America, she said that the debt

was settled and asked them to verify the debt. She told them to stop calling every time she spoke with them. Ms. Wilson testified that she felt horrible, sick and worried about additional debt.

As set forth in the Complaint, Plaintiffs seek actual and statutory damages, attorney fees, and costs for violations of the CSPA, TCPA and FDCPA. The Magistrate Judge RECOMMENDS that each Defendant be found liable to each Plaintiff in the amount of $1,000 in statutory damages under the FDCPA and in the amount of $10,000 for actual damages under the FDCPA. The Magistrate Judge further RECOMMENDS that each Defendant be found liable to the Plaintiffs in the amount of $200 in statutory damages under the CSPA and liable for noneconomic damages of $5,000 to each Plaintiff.  The Magistrate Judge RECOMMENDS that defendants be found liable to Plaintiffs for violations of the TCPA in the amount of $9,000.  Plaintiffs are also entitled to recover interest, costs, and attorney fees, and the Magistrate Judge RECOMMENDS that plaintiffs be awarded $4317.50 in attorney fees and $400 in costs, for a total amount of $4717.50, which amount is found to be fair and reasonable.

The Magistrate Judge RECOMMENDS that plaintiffs be awarded from Defendants, jointly and severally, the sum of $45,917.50, plus statutory interest from the date of judgment.

The Clerk of Court is DIRECTED to serve this Order on defendants Erica Lynn Brachfeld, 13101 W Washington Blvd., Suite 227, Los Angeles, California 90066, and

Brachfeld Law Group, CSC-Lawyers Incorporating Service, Statutory Agent, 50 W. Broad St., Suite 1800, Columbus, Ohio 43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel  
United States Magistrate Judge